IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JEREMY V. PINSON,            )
                             )
          Plaintiff,         )
                             )
v.                           )       Case No. CIV-06-1372-F
                             )
JOHN WHETSEL, *et al.*,      )
                             )
          Defendants.        )

## REPORT AND RECOMMENDATION CONCERNING MOTIONS FOR PRELIMINARY INJUNCTIONS

In this action, Mr. Pinson has sued based on conditions at the Oklahoma County Detention Center. The Plaintiff has filed six motions for preliminary injunctions.[1] *See* Docs. 6, 14, 19, 32-33, 36. The Court should deny all of the motions.

### Motions Which Have Become Moot

When the action began, the Plaintiff was housed at the Grady County Jail. Dissatisfied with his ability to access the courts, Mr. Pinson moved for a preliminary injunction against the United States Marshals Service and the Grady County Law Enforcement Authority. Doc. 6. There the Plaintiff sought:

- greater telephone access and access to stamps, envelopes, and writing tablets, and

- prevention of a transfer to the Oklahoma County Detention Center as long as five other inmates were there.

---

[1]     Some of the six motions contain different labels. But all of them would effectively entail a preliminary injunction.

*Id*. Three days later, the Plaintiff was transferred against his wishes to the Oklahoma County Detention Center. *See* Doc. 14 at p. 1. Because the transfer has already taken place, the request for relief is moot.

Mr. Pinson also sought the return of his legal documents, allegedly confiscated upon his transfer to the Oklahoma County Detention Center. Doc. 14 at p. 3; Doc. 19. Subsequently, the Plaintiff informed the Court that the documents had been destroyed. Doc. 32. Because the documents are no longer in existence, this request for relief is also moot.

<u>Remaining Motions</u>

In various other motions, Mr. Pinson has demanded access to:

- daily showers with hot water,

- telephones to conduct discovery and access the courts,

- recreation,

- the law library,

- forms to submit administrative complaints,

- an ink pen,

- free reading materials and "media publications,"

- educational programs,

- counseling and/or therapy,

- daily changes of clothing,

- constant monitoring of the protective custody inmates, and

- frequent monitoring of medical concerns.

Docs. 14, 19, 33, 36.  The Plaintiff also seeks to bar any interference with his lawsuit, including seizure or destruction of his legal documents.  Doc. 32.

A preliminary injunction is an extraordinary remedy.  *See Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).  To obtain such relief, Mr. Pinson must prove:

- a substantial likelihood that he will prevail on the merits,

- irreparable harm unless the injunction is issued,

- the harm to Mr. Pinson outweighs any harm the injunction would cause the defendants, and

- the absence of an adverse impact on the public interest.

*See id.*

In part, Mr. Pinson has failed to show a likelihood of success on the merits.  For instance, the Plaintiff lacks a constitutional right to daily showers,[2] a daily change of clothes,[3]

---

[2]    *See*, *e.g.*, *Davenport v. Stradley*, Case No. CIV-99-1457-R, slip op. at 37-38 (W.D. Okla. May 18, 2000) (unpublished report and recommendation by magistrate judge) (collecting cases to establish that a limitation of two showers per week did not violate the Eighth Amendment), *adopted* (W.D. Okla. June 16, 2000) (unpublished order by district judge).

[3]    *See Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (a lack of clean clothing did not violate the federal constitution); *Landfair v. Sheahan*, 878 F. Supp. 1106, 1112 (N.D. Ill. 1995) (a denial of clean clothes for a brief period of time does not violate the federal constitution); *McClung v. Camp County, Texas*, 627 F. Supp. 528, 532 (E.D. Tex. 1986) (rejecting an inmate's Section 1983 claim based on the failure to provide clean clothes when prisoners could clean their clothes once per week).

educational opportunities,[4] "free" reading materials,[5] and access to grievances forms.[6]  And

while Mr. Pinson has a right to exercise, he does not have a constitutional right to recreation.

*See Smith v. Romer*, 107 F.3d 21, 1997 WL 57093, Westlaw op. at 2 (10th Cir. Feb. 11,

1997) (unpublished op.).

The Plaintiff also generically claims insufficient counseling, therapy, and health

monitoring.  But Mr. Pinson has not alleged that officials at the Oklahoma County Detention

Center are aware of, but have disregarded, a specific serious medical need of the Plaintiff.

*See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mr. Pinson also complains of his inability to use the Oklahoma County Detention

Center's law library.  But he has not justified a preliminary injunction on this ground.  In

upholding the denial of such relief, the Tenth Circuit Court of Appeals stated:

> [I]t is incumbent upon the plaintiff to demonstrate that the alleged
> shortcomings in the library or legal assistance program hindered his efforts to
> pursue a legal claim.  He might show, for example, that a complaint he
> prepared was dismissed for failure to satisfy some technical requirement

---

[4]    *See Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901, 2000 WL 1532783, Westlaw
op. at 2 (10th Cir. Oct. 16, 2000) (unpublished op.) ("Prisoners have no constitutional right to
educational . . . opportunities during incarceration." (citation omitted)).

[5]    *See*, *e.g.*, *Cline v. Fox*, 319 F. Supp. 2d 685, 690 (N.D. W. Va. 2004) (the federal constitution
does not require prisons to provide a reading library); *Stewart v. McGinnis*, 800 F. Supp. 604, 618
(N.D. Ill. 1992) ("While it is true that prisoners have a protectable First Amendment right to receive
and to retain published materials . . ., that right does not create an affirmative duty on the State to
*provide* reading materials to inmates." (citations omitted; emphasis in original)).

[6]    *See Walters v. Corrections Corporation of America*, 119 Fed. Appx. 190, 191 (10th Cir. Dec.
7, 2004) (unpublished op.) (holding that when the prisoner had access to the court, the alleged denial
of his access to grievance procedures did not violate any constitutional rights).

4

> which, because of deficiencies in the prison's legal assistance facilities, he
> could not have known.

*Longstreth v. Ward*, 113 Fed. Appx. 882, 883 (10th Cir. Nov. 3, 2004) (unpublished op.)

(citation omitted).  Mr. Pinson has not furnished anything with his motions that would satisfy

this burden.

The Plaintiff has also failed to prove irreparable injury.  For example, Mr. Pinson has

filed all of the necessary pleadings in this case and has communicated with the Court through

the mail.    Similarly, the Plaintiff can conduct discovery through the mail.    These

circumstances negate a finding of irreparable injury from the alleged lack of telephone use

and an ink pen.  *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (concluding that

a prohibition on toll free telephone calls did not result in irreparable harm to the prisoner

plaintiffs); *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443-45 (3d Cir. 1982) (*en banc*)

(concluding that denial of free pens to inmates did not result in irreparable harm).

In addition, loosening of the restriction on telephone access could impede security in

the detention center.[7]

---

[7]     *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) ("a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" (citation omitted)); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989) ("Although in some instances prison inmates may have a right to use the telephone for communication with relatives and friends, prison officials may restrict that right in a reasonable manner, 'subject to rational limitations in the face of legitimate security interest of the penal institution.'" (citation omitted)).

Mr. Pinson argues that officials may attempt to hinder his litigation. But this suggestion is too speculative for a finding of irreparable injury.[8]

Finally, Mr. Pinson requests that the Court order Defendant Whetsel to improve monitoring of the protective custody unit. Such relief could substantially interfere with efforts to manage the Oklahoma County Detention Center, and the Court should deny the request.[9]

## Summary

The Court should deny the Plaintiff's multiple requests for preliminary injunctions. Docs. 6, 14, 19, 32-33, 36.

## Notice of Right to Object

The Plaintiff can object to this report and recommendation. To do so, Mr. Pinson must file an objection with the Clerk of this Court. The deadline for objections is February

---

[8] *See Fisher v. Oklahoma Department of Corrections Unknown State Actor and/or Actors*, 2007 WL 127661, Westlaw op. at 3 (10th Cir. Jan. 19, 2007) (unpublished slip. op.) (affirming the denial of a preliminary injunction to prohibit retaliation and seizure of legal documents without a showing of irreparable injury); *see also Johnson v. Saffle*, 203 F.3d 835, 2000 WL 130726, Westlaw op. at 2 (10th Cir. Feb. 4, 2000) (unpublished op.) (affirming the denial of a temporary restraining order to prevent retaliation "because plaintiff had failed to establish a threat of irreparable harm").

[9] *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987). In *Turner*, the Supreme Court cautioned:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Id.*

19, 2007.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Status of the Referral

The referral is not terminated.

Entered this 29th day of January, 2007.


*Robert E. Bacharach*
_____
Robert E. Bacharach
United States Magistrate Judge