IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY PINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1372-F |
| | ) |
| JOHN WHETSEL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Mr. Jeremy Pinson, representing himself, has sued multiple government officials regarding conditions at the Oklahoma County Detention Center. He now seeks to add five other inmates as additional plaintiffs. This motion is denied.

Federal Rule of Civil Procedure 20(a) generally grants discretion to allow joinder of multiple plaintiffs. When the multiple plaintiffs are inmates, however, joinder is complicated by the Prison Litigation Reform Act. That statute would require each plaintiff to pay the entire $350.00 filing fee even if they qualify for pauper status.[1] As a result, many courts disallow joinder of inmate plaintiffs.[2]

---

[1] *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1) (2000).

[2] *See Hubbard v. Haley*, 262 F.3d 1194, *passim* (11th Cir. 2001) (holding that multiple inmates cannot join as plaintiffs when they are proceeding *in forma pauperis*); *Osterloth v. Hopwood*, 2006 WL 3337505, Westlaw op. at 2-5 (D. Mont. Nov. 15, 2006) (unpublished op.) (agreeing with the Eleventh Circuit that the Prison Litigation Reform Act prohibits multi-prisoner suits and refusing to allow three prisoners to proceed in one action); *Ray v. Evercom Systems, Inc.*, 2006 WL 2475264, Westlaw op. at 4-6 (D. S.C. Aug. 25, 2006) (unpublished op.) (finding "the Eleventh Circuit's decision in *Hubbard* to be sound and persuasive" and concluding that under the Prison Litigation Reform Act, multiple inmates could not join as plaintiffs); *Jones v. Fletcher*, 2005 WL 1175960,

The Tenth Circuit Court of Appeals has declined to address this issue.[3] But even in this circuit, the Court can disallow joinder when it would be infeasible or prejudicial to one or more parties.[4] That is the case here.

Mr. Pinson has complained of his inability to prosecute his own action. For example, he has pointed to a shortage of stamps,[5] his lack of an ink pen,[6] and restrictions on telephone access.[7] Now he seeks to join five other inmate plaintiffs to the action. In light of Mr. Pinson's alleged difficulties in prosecuting the action on his own, the addition of five other plaintiffs would prove inefficient and prejudicial.

First, joinder would require each plaintiff to pay the $350.00 filing fee even if he were to qualify for pauper status.[8] The Court has no information about whether the five additional plaintiffs are willing to pay the filing fee, as required by the Prison Litigation Reform Act.

Second, joinder would require the six plaintiffs to sign every document that they

---

Westlaw op. at 6-7 (E.D. Ky. May 5, 2005) (unpublished op.) (refusing to allow additional prisoners to join as plaintiffs because "[i]ndividual prisoner plaintiffs must experience the full financial implications of filing suit").

[3]   *See Woodruff v. State*, 49 Fed. Appx. 199, 202 n.1 (10th Cir. Oct. 7, 2002) (unpublished op.) ("We have no occasion to decide whether the [Prison Litigation Reform Act] permits multi-plaintiff actions . . . ." (citations omitted)).

[4]   *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983).

[5]   *See* Audiotape - Telephone Conference with Mr. Pinson (Jan. 18, 2007).

[6]   Doc. 33.

[7]   Doc. 14.

[8]   *See supra* p. 1.

jointly file.[9]  Coordination would presumably be difficult in light of restrictions on interpersonal communication within a detention facility.[10]

For both reasons, joinder would be impractical.  The difficulty is compounded by the risk that joinder would serve to prejudice one or more of the plaintiffs.  As one federal appellate court explained:

> [J]oint litigation creates countervailing costs.  A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.R.Civ.P. 11, or may count toward the limit of three weak *forma pauperis* claims allowed by § 1915(g).  A prisoner litigating jointly under Rule 20 takes those risks for *all* claims in the complaint, whether

---

[9]   *See* Fed. R. Civ. P. 11(a).

[10]  In denying joinder of 41 prisoner plaintiffs, one court reasoned:

> Obtaining signatures from all 41 plaintiffs can be difficult even when all co-plaintiffs are housed in the same cell block at the county jail, but jail populations are notably transitory.  Inmates are constantly being released or transferred to the Department of Correction; not to mention being relocated within the jail itself.  When they are housed separately and a filing is not jointly signed, Rule 5 requires that it be served on all other parties, including the other plaintiffs.  For legitimate security reasons, institutional rules prohibit inmates from corresponding within and between facilities, thereby making compliance with Rule 5 impossible.

*Wasko v. Allen County Jail*, 2006 WL 978956, Westlaw op. at 1 (N.D. Ind. Apr. 12, 2006) (unpublished op.); *Swenson v. MacDonald*, 2006 WL 240233, Westlaw op. at 3 (D. Mont. Jan. 30, 2006) (unpublished op.) (discussing similar practical difficulties of joint litigation involving inmates); *Richardson v. Morris County Correctional Facility*, 2006 WL 1582076, Westlaw op. at 1 (D. N.J. June 5, 2006) (unpublished op.) (denying joinder among inmate plaintiffs in light of "the need for each plaintiff to sign the pleadings," potential for changes in the documents as they are circulated, and possibility of coercion between inmates); *Amir-Sharif v. Dallas County*, 2006 WL 2860552, Westlaw op. at 4 (N.D. Tex. Oct. 5, 2006) (unpublished findings and conclusions by magistrate judge) (noting that permissive joinder of multiple plaintiffs is complicated by "the possibility of inmate transfers, security, and the need for each individual plaintiff to represent himself and sign each pleading related to his claims"), *adopted*, 2006 WL 2860552, Westlaw op. at 1 (N.D. Tex. Oct. 5, 2006) (unpublished order by district judge).

or not they concern him personally. Sharing works both ways; detriments as well as costs are parceled out among plaintiffs.[11]

Joinder would create grave logistical problems and potentially unforeseen consequences for all six of the prospective plaintiffs. In these circumstances, joinder is denied.

Any movant or party has the right to seek further review by filing a written objection to the present order.[12] Any objections are due February 21, 2007.[13] If one declines to timely object, he "may not thereafter assign as error a defect" in the present order.[14]

The Court Clerk should mail the present order to the Plaintiff and Mychael A. Lee, Darrell Templeton, William Horey, Alexander C. Miles, and Jorge Flores. All of these individuals are located at the Oklahoma County Detention Center.

So ordered this 1st day of February, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[11]    *Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (emphasis in original).

[12]    *See* Fed. R. Civ. P. 72(a).

[13]    *See* LCvR 72.1(a).

[14]    Fed. R. Civ. P. 72(a).